UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA  :  **FINAL ORDER OF FORFEITURE**

    -v.-  :  15 Cr. 219 (RJS)

JOEL VARGAS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

On or about September 3, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (Doc. No. 59), which ordered the forfeiture to the United States of all right, title and interest of JOEL VARGAS (the "defendant") in the following properties:

    a.    A $270,000 bank check, check number 80923787-8, made out to Gloria De Cuello, on or about April 23, 2012;

    b.    $227,825.48 formerly on deposit at TD Bank Account 4270724698, held in the name of Catherine Ricart and currently in the custody of the United States Department of Treasury; and

    c.    Any and all funds in Bank of America Account 483050873697, an account in the name of Jonathan Orbe;

(a. through c., collectively, the "Specific Property").

The Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide

direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified.

The provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the government's intent to dispose of the Specific Property before the United States can obtain clear title to the Specific Property.  Accordingly, beginning on September 15, 2015, for thirty (30) consecutive days, through October 14, 2015, the government posted a Notice of Forfeiture and Intent of the United States to Dispose of the Specific Property on an official government internet site (www.forfeiture.gov), pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  Proof of such publication was filed with the Clerk of the Court on November 21, 2021. (Doc. No. 193.)

Therefore, because:  (1) on or about August 11, 2021, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to Gloria De Cuello, 1105 Boynton Avenue, Apt. 5A, Bronx, New York 10472 (the "Noticed Party"); (2) thirty (30) days have expired since final publication of the Notice of Forfeiture, and no petitions or claims to contest the forfeiture of the Specific Property have been filed; (3) other than the defendant and the Noticed Party, the government is aware of two other individuals with a potential interest in the Specific Property, specifically, co-defendants Catherine Ricart and Jonathan Orbe; (4) on or about September 8, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment with respect to Jonathan Orbe forfeiting all of his right, title, and interest in the Specific Properties to the government (Doc. No. 60); (5) on or about September 15,

2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment with respect to Catherine Ricart forfeiting all of her right, title and interest in the Specific Property to the government (Doc. No. 64); (6) the defendant and the Noticed Party are the only remaining individuals and/or entities known by the government to have a potential interest the Specific Property; and (7) pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Department of Treasury (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       November 22, 2021

SO ORDERED:

_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE